UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY LEE MORRIS,

                Plaintiff,                  8:08-CV-813
                                                                     (GLS/DRH)

                v.

**ROBERT G. MAIN, JR.,** Franklin County
Family Court Judge; **KIM MURTAUGH,**
Franklin County Probation Department
Diversion Program Coordinator*;* **TYEREE
STINES,** and **SARA J. NICHOLS-MORRIS**

                          Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JEFFREY LEE MORRIS
*Pro Se*
Franklin County Jail/C-Block
45 Barehill Road
Malone, NY  12953

**FOR DEFENDANTS:**

**For Judge Robert Main, Jr.**
HON. ANDREW M. CUOMO        AARON M. BALDWIN
New York Attorney General          Assistant Attorney General
The Capitol
Albany, NY  12224

**For Kim Murtaugh**
Carter, Conboy Law Firm          LUKE C. DAVIGNON, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Jeffrey Lee Morris brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*[1], that the defendants violated his constitutional rights when an order of protection caused him to become homeless and suffer physical/emotional distress.  Pending are Franklin County Family Court Judge Robert Main, Jr., and Franklin County Probation Officer Kim Murtaugh's motions to dismiss under FED. R. CIV. P. 12(c),12(b)(1) and (6).  (Dkt. Nos. 15 and 17.)  For the reasons that follow the motion to dismiss brought by Judge Main is granted in its entirety.  However, Murtaugh's motion is denied in all respects.

### II. Facts

On July 30, 2007,  Morris was released from a New Jersey State

---

[1]Morris seeks: (1) dismissal of the order of protection which would allow him to return to the residence and his family; (2) compensatory damages for rent, utilities and gasoline; and (3) punitive damages for emotional/physical pain. (*Compl*. ¶9; Dkt. No. 1.)

2

prison. His parole was transferred to New York State and he began residing with his girlfriend, Carrie LaPlant. LaPlant was engaged in a custody battle with the biological father of her children.

The custody hearing was brought in Franklin County Family Court before Judge Main pursuant to Article 6 of the Family Court Act. During the custody hearing, an investigation was conducted by Murtaugh. Murtaugh's investigative report[2] was used by the court to determine whether a Temporary Order of Protection should be issued.

On August 24, 2007, the court issued an Order of Protection. The Order of Protection[3] provided that LaPlant "shall not allow Jeff Morris to reside in the household of the children, nor have unsupervised visitation with the children." (*Compl*. p.13.) The Order of Protection was extended through January 6, 2009. (*Id*. at 13-14.)

### III.  Standard of Review

**A.     Subject Matter Jurisdiction**

"A case is properly dismissed for lack of subject matter jurisdiction

---

[2]Morris contends that Murtaugh's report was biased and discriminated against him due to his prior criminal history.

[3]Morris claims that the Order caused him to become homeless, violate parole and ultimately, resulted in his return to prison.

3

under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Id*. "When the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Thus, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

**B.   Motion to Dismiss**

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v.*

4

*Twombly,* 127 S.Ct. 1955, 1965 (2007)).[4]  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor."  *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

## IV.  Discussion

### A.  Eleventh Amendment

The complaint does not specify whether Judge Main is being sued in his official capacity and Morris has failed to respond.  Thus, to the extent that the complaint asserts claims against Judge Main in his official

---

[4]In *Twombly,* the Supreme Court rejected its own long-standing rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S. Ct. at 1968-1970 (rejecting the standard set forth in *Conley v. Gibson,* 355 U.S. 41 (1957)). The Court wrote that "after puzzling the profession for 50 years, this famous observation has earned its retirement."  *Id.* at 1969.  The problem with the *Conley* standard, in the Court's eyes, is that, on a literal reading of the "no set of facts" language, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  *Id.* at 1968 (alteration in original).

5

capacity, they are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. This grant of sovereign immunity has also been held to prohibit federal suits brought by citizens against their own state without the state's consent. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-02 (1998); *Hans v. Louisiana*, 134 U.S. 1 (1890). Correspondingly, federal suits against arms of the state, including suits against state employees in their official capacity, are barred with exceptions[5] not relevant here. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). Thus, to the extent Morris purports to sue Judge Main in his official capacity as a New York State Family Court Judge, the claim is barred by the Eleventh Amendment and is dismissed.

---

[5]The Eleventh Amendment does not bar a suit against a state official in federal court for prospective injunctive relief against an ongoing violation. *Ex parte Young*, 209 U.S.123 (1908). Here, to the extent that prospective injunctive relief was sought, this relief is denied as moot due to the expiration of the order Morris seeks to overturn. *(See Order of Protection* (in effect until Jan. 6, 2009)(copy attached to Complaint).)

6

**B.     Judicial Immunity**

   **1.     Judge Main**

While Morris has not filed a response to the motion, it appears he seeks money damages against Judge Main. It is "well established that officials acting in a judicial capacity are entitled to absolute immunity ... and this immunity acts as a complete shield ...for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). "[A]bsolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994)(internal quotation marks and citations omitted.) Here, the actions taken by Judge Main were clearly taken in his judicial capacity. As such, he is entitled to judicial immunity, and the claims asserted against him in his individual capacity are accordingly dismissed.

   **2.     Kim Murtaugh**

On this record, the court is without sufficient information concerning Murtaugh's involvement in this matter. It is undisputed that Murtaugh's investigative report was conducted as part of a family court proceeding. However, the court is unable to discern whether Murtaugh is entitled to absolute and/or qualified immunity since it is unclear under what authority

7

such report was provided and/or if indeed it was ordered by Judge Main. Accordingly, Murtaugh's motion is denied with leave to renew on a more complete record.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the motion to dismiss by Judge Main pursuant to FED. R. CIV. P. 12(b)(1) and (6) (Dkt. No. 17) is granted; and it is further

**ORDERED** that the motion to dismiss by Murtaugh pursuant to FED. R. CIV. P. 12(c) (Dkt. No. 15) is denied with leave to renew; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 31, 2009

*Gary L. Sharpe*
United States District Court Judge