**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY LEE MORRIS,**

                **Plaintiff,**                **8:08-cv-813
                                                                                        (GLS/DRH)**

            **v.**

**KIM MURTAGH,**[1] Franklin County
Probation Department Diversion Program
Coordinator; **TYEREE STINES**; and
**SARA J. NICHOLS-MORRIS**,

                **Defendants.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
JEFFREY LEE MORRIS
Pro Se
Franklin County Jail/C-Block
45 Barehill Road
Malone, NY 12953

**FOR DEFENDANTS:**
Carter, Conboy Law Firm           LUKE C. DAVIGNON, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

**Gary L. Sharpe
District Court Judge**

_____

[1] Although sued as "Kim Murtaugh," the court will refer to defendant by her correctly-spelled name, "Kim Murtagh." (*See* Def. Ex. C, Murtagh Aff., Dkt. No. 26:2.)

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Jeffrey Lee Morris brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*,[2] that defendants violated his constitutional rights when an order of protection caused him to become homeless and suffer physical and emotional distress. Pending is Franklin County Probation Officer Kim Murtagh's motion for summary judgment. (Dkt. No. 26.) For the reasons that follow, the motion is granted.

### II. Facts

Familiarity with the underlying facts are presumed and will be repeated only as relevant. For a full recitation of those facts, the parties are referred to the court's March 31, 2009 Memorandum-Decision and Order. (Dkt. No. 20.)

### III. Discussion

**A.   Standard of Review**

The standard for the grant of summary judgment is well established,

---

[2]Morris's complaint seeks: (1) dismissal of the order of protection which would allow him to return to the residence and his family; (2) compensatory damages for rent, utilities, and gasoline; and (3) punitive damages for emotional and physical pain. (*See* Compl. ¶ 9; Dkt. No. 1.)

and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle*, 499 F. Supp.2d 192, 194-95 (N.D.N.Y. 2007).

**B.    Immunity**

Federal suits against arms of the state, including suits against state employees in their official capacity, are barred under the Eleventh Amendment, with exceptions not relevant here.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).  Here, because Murtagh was acting solely in her capacity as probation officer when she investigated and reported the conditions of the LaPlant household,[3] Morris's claim against Murtagh based on that conduct is barred by the Eleventh Amendment.  Accordingly, Murtagh's motion for summary judgment is granted and Morris's claim against Murtagh is dismissed.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Murtagh's motion for summary judgment is

---

[3] Murtagh's investigation was conducted and her reports prepared pursuant to express orders of the Franklin County Family Court.  (Def. Ex. C, Murtagh Aff. ¶¶ 4, 9, Dkt. No. 26:2.)

**GRANTED**; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 4, 2009
Albany, New York

_____
United States District Court Judge